IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED-E04
AUG 14 PM 2:15
CLERK
U.S. DISTRICT COURT

JOHN JENSEN and MARY JENSEN, his wife,        )
                                              )
                        Plaintiffs,           )
                                              )
    vs.                                       )      No. 00 C 4960
                                              )
THE CITY OF WILMINGTON, an Illinois           )      Jury Trial Demanded
Municipal Corporation; WILLIAM WEILDING,      )
as Mayor of the City of Wilmington in his     )      JUDGE PALLMEYER
official and individual capacity; JAY PLESE   )
in his official and individual capacity       )      MAGISTRATE JUDGE ASHMAN
MARK COX, in his official and individual      )
capacity; WILLIAM DAIVY, in his official      )
and individual capacity; ROBERT KRENC         )      DOCKETED
in his official and individual capacity;      )
J. MARTY ORR, in his official and individual  )      AUG 1 5 2000
capacity; LARRY KAITSCHUCK, in his official   )
and individual capacity; ROY STRONG, in his   )
official and individual capacity; DONNA       )
JUSSELL, in her official and individual       )
capacity,                                     )
                                              )
                        Defendants.           )

COMPLAINT AT LAW FOR VIOLATION OF CONSTITUTIONAL
CIVIL RIGHTS AND SUPPLEMENTAL/PENDANT STATE LAW CLAIMS

NOW COME the Plaintiffs, JOHN JENSEN and MARY JENSEN, by and through their attorney,

JOSEPH M. WILLIAMS, who present this Complaint and state as follows:

JURISDICTION AND VENUE

1.    This is an action seeking redress for the violation of rights guaranteed to the Plaintiffs

      by 42 U.S.C., Sec. 1983, as well as by the Fifth and Fourteenth Amendments to the U.S.

      Constitution and the principles of pendant jurisdiction.

2.    That jurisdiction of this Court is invoked pursuant to 42 U.S.C., Sec. 1983, as well as

      28 U.S.C., Secs. 1331 and 1343(3)(4), and 1367.

3.    That venue is proper under 28 U.S.C., Sec. 1391(b).

1

## THE PARTIES

4.  That the Plaintiff, JOHN JENSEN, is a citizen and resident of Will County, State of Illinois, and is a joint tenant in fee of the real property commonly known as 32917 Nikki Lane, Wilmington, Illinois, 60481, legally described as:

> "Lot 28, in Deer Park, Unit #2, a subdivision of part of the northwest quarter of section 3, township 52 north, range 9, east of the third principal meridian, according to the plat there of recorded July 1, 1994, as document No. R 94-66126; in Will County Illinois"

> PIN No. 24-03-101-032

5.  That the said real property is held jointly with Plaintiff, Mary Jensen, Plaintiff John Jensen's wife who is also a citizen and resident of Will County, Illinois.

6.  That the Plaintiffs acquired the fee by Warranty Deed dated May 30, 1995.  Exhibit "A".

7.  That the City of Wilmington, constitutes an Illinois municipal corporation, being a body corporate and politic.

8.  That William Weidling is Mayor of the  City of Wilmington.

9.  That William Weidling, M. Stanz, Jay Plese, Mark Cox, William Daivy, Robert Krenc, J. Marty Orr, Roy Strong  and Larry Kaitschuck are, each respectively, the present members of the City Council of the City of Wilmington.

10.  That Donna Jussell is a payroll clerk for the City of Wilmington.

### COUNT I

### VIOLATION OF 42 U.S.C., SEC.1983
### SUBSTANTIVE DUE PROCESS VIOLATION -
### MUNICIPAL DEFENDANT

1 - 10.  That Paragraphs 1 - 10, hereinabove, are hereby incorporated as Paragraphs 1 - 10 of this Count I.

11.   That the above-identified realty of Plaintiffs Jensen, is on of 28 residential lots located in Deer Ridge Park Subdivision, Unit II, located in Wilmington, Illinois, developed as a Planned Unit Development (PUD).   Exhibit "B".

12.   That on or about November 4, 1997, the Defendant City, by and through the Defendant Mayor and the Defendant City Council, acting upon the municipal Defendant's behalf, implemented a moratorium on the issue of building permits for Deer Ridge Park Subdivision, Unit I. Exhibit "C".

13.   That Deer Park Subdivision Unit I, was approved by the municipal Defendant and a Plat of Survey recorded on or about May 26, 1992. Exhibit "D".

14.   That Unit II in Deer Ridge Park was approved by the Defendant municipality and a Plat of Survey recorded on or about June 21, 1994. Exhibit "E".

15.   That the permit moratorium was caused, allegedly, due to some dispute with the overall Developer of Deer Ridge Park, over a bond to be posted and finish coats to be placed on the roads, which were to be private.

16.   That the permit moratorium was extended to Unit II of Deer Ridge Park, and was announced at a regular meeting of the City Council by Donna Jussell, subsequently; the City has stated there is a hardship exception, but has no standards or guidelines and it is totally discretionary what is submitted to establish a hardship, the moratorium having continued to the present.

17.   That Donna Jussell appears to have been unlawfully delegated the municipal authority to determine validity of applications for building and other permits and to act as a de facto councilperson with legislative authority at council meetings, with apparent approval of the Mayor and City Council.

18.   That on or about January 18, 2000, at approximately 2:10 pm, Plaintiff John Jensen

telephoned City Hall to request paperwork and materials to apply for a hardship building permit and his call was returned at 2:15 pm by Donna Jussell, who told him he needed no such paperwork as any such hardship application for a building permit would be denied; upon being questioned as to why, she stated she would "see to it (i.e., that it was denied)" and then stated there was, in fact, no such thing as a "hardship" building permit.".

19.    That said Ms. Jussell, though apparently only a payroll clerk at the Village and having no elected office or position, acts, and has acted, as spokesperson at Council meetings for the municipal authorities and makes demands and conditions of petitioners before the Council, and her demands are upheld or enforced, as to land use, permits, development and other matters.

20.    That due to the purported conflicts with Daniel Russotti,  the developer of the overall subdivision, in or about May, 1996, Jussell told him she would make sure he could never sell any more lots or make any money off the subdivision; she further stated she would make sure no black persons were ever allowed in to Deer Ridge Park on November 12, 1997, at a special homeowner's meeting; on information and belief that the partner of the developer is a black person.

21.    That on February 7, 2000, Plaintiff John Jensen telephoned the Mayor and various Council members as to a hardship permit, but was given no reasonable answers or guidelines to obtain same; subsequently, John Jensen appeared in person at a council meeting and was essentially prevented from speaking and was told to go off into a hallway and talk to the City attorney, who was of no assistance.

22.    That upon information and belief, since the permit moratorium of 1997, only one single permit, upon the basis of hardship, has ever been issued as to any unit in the

subdivision.

23. That leaving City Hall after attempting to obtain information as to a hardship permit, in or about July 2000, Plaintiff was followed out of town by a train of three (3) Wilmington squad cars, apparently, to harass and discourage Plaintiff Jensen from continuing to attempt to obtain a building permit.

24. That the building permit moratorium, as applied, and permits granted and refused have been done so arbitrarily, as to other lots than the Plaintiffs, permits, on a hardship basis or otherwise have been granted at the whim and caprice of Donna Jussell and municipal authority, including permits capriciously granted for 14, 16, 25 and a shed permit for lot 11, all in Unit II of said Subdivision, to persons the corporate authority and or Donnal Jussell view favorably, while viewing the Plaintiffs with disfavor.

25. That on information and belief, the corporate authority has altered permit and, or land use documents, copies of ordinances, codes, ignores or fails to comply with freedom of information requests and acts as a dictatorial cabal.

26. That there exists no criteria or standards for the obtaining of a hardship building permit from the municipal Defendant. Exhibit F.

27. That the Plaintiffs have a property interest cognizable under the laws of the State of Illinois and the United States Constitution.

28. That the Plaintiffs by action of the municipal Defendant, through its Mayor, council, and control-policy-making employees, including Donna Jussell, are arbitrarily, capriciously and unconstitutionally depriving the Plaintiffs the use and enjoyment of their real property, as a policy, custom or usage, with no legitimate nexus or corresponding benefit to the public health, safety, welfare or morals.

29. That said municipality is acting pursuant to color of law and engaging in an ongoing

violation of Plaintiffs' rights.

30.   That the Plaintiffs have been treated unequally by the municipal Defendant through its officers and employees, based upon malicious, vindictive and irrational municipal actions as to the Plaintiffs, as a class, and, or as to that class of lot owners unable to obtain building permits for no valid public purpose.

31.   That the Plaintiffs have been and are being treated differently from those lot owners similarly situated that were granted permits in Deer Ridge Park, Unit II, with no viable reason for the distinction, being wholly arbitrary.

32.   That the actions and inactions of the Defendant, City of Wilmington, as alleged hereinabove, violate the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution, as well as 42 U.S.C., Sec. 1983, and, thus, deny to the Plaintiffs equal protection of the laws.

33.   That the Plaintiffs have been injured in their Constitutional Rights and financially, and have suffered and are suffering irreparable harm as a proximate result of the conduct of the Defendant Municipality.

WHEREFORE, the Plaintiffs, JOHN JENSEN and MARY JENSEN, respectfully request that this Court:

A.   Grant Judgment in favor of the Plaintiffs and against the Municipal Defendant, the City of Wilmington;

B.   Enter an order mandatorily enforcing the City of Wilmington to issue a building permit and other such necessary permits for the development and use of the subject property;

C.   Award the Plaintiffs actual damages, to be determined, but in no event in an amount less than Fifty Thousand Dollars ($50,000.00);

6

D.      Award Plaintiffs their attorneys fees and costs, pursuant to 42 U.S.C., Sec. 1988;

E.      For such other and further relief in the premises as is just and proper.

## COUNT II

### SEC. 1983 - SUBSTANTIVE DUE PROCESS VIOLATION - MUNICIPAL DEFENDANT

1 - 29.  That the Plaintiffs incorporate Paragraphs 1 - 29 of Count I, hereinabove, as Paragraphs 1 - 29 of this Count II.

30.     That section 150.31 of the Wilmington Zoning Code, PUD ordinance, sets out conditions for the granting of building permits which allows building permits to be issued for construction in a PUD after approval, which approval Phase II of Deer Ridge Subdivision received, as above-stated; the Defendant municipality has no public purpose in the moratorium of building permits and Plaintiffs have a clean legal substantive right and entitlement to be allowed to obtain a building permit for use and enjoyment and, or development or sale of their real property, which due to the unlimited moratorium cannot presently be developed, economically used or sold.

31.     That the arbitrarily applied standards and criteria of the municipal Defendant as to the issuing of building permits are deliberately arbitrary, capricious, done for no viable public reason and in violation of the right to, and of substantive, Constitutional due process of the Plaintiffs.

WHEREFORE, the Plaintiffs, JOHN JENSEN AND MARY JENSEN, respectfully request that this Court:

A.      Grant Judgment in favor of the Plaintiffs and against the Municipal Defendant, the City of Wilmington:

B.      Enter an order mandatorily enforcing the City of Wilmington to issue a building

and other such necessary permits for the development and use of the subject
property;

C.    Award the Plaintiffs actual damages, to be determined, but in no event in an
amount less than Fifty Thousand Dollars ($50,000.00);

D.    Award Plaintiffs their attorneys fees and costs, pursuant to 42 U.S.C., Sec.
1988;

E.    For such other and further relief in the premises as is just and proper.

COUNT III

SEC. 1983 - TAKING OF PROPERTY/INVERSE CONDEMNATION -
MUNICIPAL DEFENDANT

1-29.   That the Plaintiffs incorporate Paragraphs 1-29 of Count I, hereinabove, as Paragraphs
1 - 29 of this Count III.

30.   That the Fifth Amendment to the U.S. Constitution guarantees that private property shall
not be taken for public use without just compensation, as applied through the
Fourteenth Amendment.

31.   That the irrational building permit moratorium and Plaintiffs' stated inability to obtain
a hardship building permit in these circumstances as to  a residential lot denies all
economic, beneficial or productive use of Plaintiffs land and prevents realization of
economic expectations; the Plaintiffs, absent a valid public purpose for the restriction
imposed, have an entitlement to develop their real property as intended upon
applicaton and approval by the Defendant municipality.

32.   That actions of the municipal Defendants, as aforestated, constitute a taking of the
Plaintiff's property and property rights, in the nature of the exercise of eminent domain.

33.   That, accordingly, the Defendant municipality has inversely condemned the Plaintiff's

8

realty.

34.    That the Plaintiffs have been injured in their property rights thereby and economically by inability to build, inability to develop, inability to sell or otherwise economically or beneficially use said property.

WHEREFORE, the Plaintiffs, JOHN JENSEN and MARY JENSEN, respectfully request that this Court:

A.    Grant Judgment in favor of the Plaintiffs and against the Municipal Defendant, the City of Wilmington;

B.    Enter an order mandatorily enforcing the City of Wilmington to issue a building and other such necessary permits for the development and use of the subject property and to pay the fair market value of the temporary taking of the Plaintiff's realty, or alternatively, to pay the Plaintiffs the full, fair market value thereof and transfer title to the Municipality.

C.    Award the Plaintiffs actual damages, to be determined, but in no event in an amount less than Fifty Thousand Dollars ($50,000.00);

D.    Award Plaintiffs their attorneys fees and costs, pursuant to 42 U.S.C., Sec. 1988;

E.    For such other and further relief in the premises as is just and proper.

COUNT IV

## LIABILITY OF INDIVIDUAL DEFENDANTS - VIOLATION 42 U.S.C. 1983

1 - 10.    That the Plaintiffs reallege and reassert Paragraphs 1 - 10 of Count I, hereinabove, as Paragraphs 1 - 10, of this Count IV.

11.    That on or about November 4, 1997, the City of Wilmington, by and through its Mayor

and Council, implemented a moratorium on the issuance of building permits for Deer Ridge Park Subdivision, Unit I, which has been continued to the present as to the subdivision as a whole, including Unit II.

12.   That the individual Defendants, WEILDING, PLESE, COX, DAIVY, kRENC, MARTY ORR, KAITSCHUCK, STRONG AND JUSSELL, and each of them, have unconstitutionally, arbitrarily, capriciously and knowingly, violated or recklessly violated well-settled principles of law, participated knowingly, or with reason to know, in the violation of the Plaintiffs' rights to use, develop, sell, enjoy or benefit from their real property by purposefully preventing Plaintiffs from obtaining a building permit from the City of Wilmington.

13.   That the individual Defendants, as aforestated, and each of them purposefully created and or maintained a moratorium on development of Deer Ridge Park and manipulated the permit process for their own private, malicious or politically motivated purposes the granting or non-granting of building and similar permits.

14.   That the individual Defendants, and each of them under color of law, acted as part and parcel of the ongoing mis-application, of policy, and or usage as to the wrongful and illegal manipulation of property development and permit issuance which they knew or should have known was wholly unconstitutional, pursuant to the Fifth and Fourteenth Amendments to the U.S. Constitution and which constituted violations of 42 U.S.C., Sec. 1983, based upon the Due Process Clause and, or the tenants of constitutional Equal Protection of the laws and, or the Fifth Amendment Taking Clause.

15.   That the individual Defendants, and each of them exceeded their delegated authority by knowing or reckless unlawful violation of the rights of the Plaintiffs and acted wrongfully as individuals.

16.    That due to the wrongful, arbitrary and capricious action of the specified Defendants, misusing and exceeding their lawful authority, the Plaintiffs have been grieviously injured in their constitutional rights, as well as financially.

WHEREFORE, the Plaintiffs, JOHN JENSEN and MARY JENSEN, respectfully request that this Court:

A.    Grant Judgment in favor of the Plaintiffs and against the individual Defendants.

B.    Award the Plaintiff actual damages, as established by the evidence, awarded jointly and individually against each individual Defendant, WILLIAM WEILDING, JAY PLESE, MARK COX, WILLIAM DAIVY, ROBERT KRENC J. MARTY ORR, LARRY KAITSCHUCK, ROY STRONG and DONNA JUSSELL.

C.    Award punitive or exemplary damages as determined by the Court, as to each individual Defendant..

D.    For such other and further relief in the premiss as is just and proper.


## COUNT V

### PENDANT CLAIM - MANDAMUS MUNICIPAL DEFENDANT

1.    That this is a state civil action for the writ of mandamus.

2.    That the actions complained of took place in Will County, State of Illinois.

3.    That the facts stated herein established a clear legal entitlement vested in the Plaintiffs to be entitled to such permit or permits as necessary to use and, or develop their real property in the City of Wilmington.

4 - 29.    That the Plaintiffs reallege and reassert Paragraphs 4 - 29, of Count I, hereinabove, as Paragraphs 4 - 29 of this Count V.

30.    That the City of Wilmington has breached a clear legal duty and obligation to the

11

Plaintiffs who, under these circumstances, have an entitlement to a building and other necessary permits for the use and development of their property.

WHEREFORE, the Plaintiffs, JOHN JENSEN and MARY JENSEN, respectfully request:

A.    Judgment against the City of Wilmington;

B.    That a Writ of Mandamus issue to direct the City of Wilmington to issue a building and other necessary permits as to the Plaintiff's realty;

C.    Award the Plaintiffs actual damages, to be determined, but in no event in an amount less than Fifty Thousand Dollars ($50,000.00);

D.    Costs of this action;

E.    For such other and further relief in the premises as is just and proper.

## COUNT VI

### PENDANT - INVERSE CONDEMNATION
### MUNICIPAL DEFENDANT

1.    That this is a state civil action for Inverse Condemnation.

2.    That the actions complained of took place in Will County, Illinois, and the subject realty is located in that County.

3.    That the actions complained of as to the Defendant City of Wilmington are unreasonably, arbitrary and unconstitutionally denying Plaintiffs use and enjoyment of their real property.

4.    That the Plaintiffs reallege and reassert Paragraphs 4 - 34, of Count III, hereinabove, as Paragraphs 4 - 34 of this Count VI.

WHEREFORE, the Plaintiffs, JOHN JENSEN and MARY JENSEN, respectfully request that this Court:

A.    Grant judgment in favor of the Plaintiffs and against the municipal Defendant,

12

the City of Wilmington;

B.  Enter an order mandatorily enforcing the City of Wilmington to issue a building and other such necessary permits for the development and use of the subject property and to pay the fair market value of the temporary taking of the Plaintiff's realty, or alternatively, to pay the Plaintiffs the full, fair market value thereof and transfer title to the Municipality.

C.  Award the Plaintiffs actual damages, to be determined, but in no event in an amount less than Fifty Thousand Dollars ($50,000.00);

D.  Award Plaintiffs their attorneys fees and costs, pursuant to 42 U.S.C., Sec. 1988;

E.  For such other and further relief in the premises as is just and proper.

Respectfully Submitted,

_____
Joseph M. Williams
Attorney for Plaintiffs

Joseph M. Williams
Attorney No. 3128789
209 North Hale, Suite 201
Wheaton, Illinois 60187
(630) 462-7979 / (630) 462-8067

## VERIFICATION

That, the undersigned, a Plaintiff herein, doth affirm and state pursuant to penalty of law that the facts pled in this Complaint are true and correct to the best of his knowledge, other than as to where the pleading is on information and belief, if any.

_____
John Jensen

13

R95-041396

m 13 – 'WARRANTY DEED - Corporat'                                              n Legal Forms & Printing Co., Rockford, Ill.

ocument No._____ filed for Record in Recorder's office of _____ County, Illinois

_____ at _____ o'clock _____ M.

CORPORATION WARRANTY DEED_____ Recorder of Deeds.

**THIS INDENTURE WITNESSETH, That the Grantor**

DEER RIDGE PARK, INC.

a corporation duly organized and existing under and by virtue of the laws of the State of
and duly authorized to transact business in the State where the following described real estate is located,
for and in consideration of One Dollar and other good and valuable considerations, the receipt of which is
hereby acknowledged, and pursuant to authority given by the Board of Directors of said corporation,
**CONVEYS AND WARRANTS to**

John Jensen and Mary Jensen
Husband and wife

whose address is

422 Manmouth Ct., Aurora, IL 60504

the following described real estate to-wit:

LOT 28, IN DEER RIDGE PARK UNIT #2, A SUBDIVISION OF PART OF THE NORTHWEST
QUARTER OF SECTION 3, TOWNSHIP 32 NORTH, RANGE 9 EAST OF THE THIRD PRINCIPAL
MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED JULY 1, 1994 AS DOCUMENT
#R94-66126; IN WILL COUNTY, ILLINOIS.

Commonly Known as:  32917 Nikki Lane, Wilmington, IL 60481
P.I.N. #24-03-101-032

Subject to conditions, restrictions, covenents and easements of record. easements
for public utilities; zoning laws and ordinances; and general real estate taxes not
due and payable at time of closing.(Continue legal description on reverse side)

situated in the County of \_\_\_\_WILL_____ in the State of \_\_ILLINOIS\_\_\_\_\_

IN WITNESS WHEREOF, said Grantor has caused its corporate seal to be hereto affixed, and has
caused its name to be signed to these presents by its \_\_\_CORPORATE_____ President, and
attested by its \_\_\_\_CORPORATE_____ Secretary, this \_30th\_ day of \_\_\_\_\_MAY_____ 1995

DEER RIDGE PARK, INC.

By _(signature)_
DANIEL RUSSOTTI                          President.

(Affix corporate seal here)

Attest: _(signature)_
BARBARA RUSSOTTI          Secretary.

**STATE OF ILLINOIS**                      } ss  EXHIBIT "A"

\_\_\_WILL_____ COUNTY

I, the undersigned, a Notary Public, in and for said County, in the State aforesaid, DO HEREBY CERTIFY THAT_____
DANIEL RUSSOTTI

personally known to me to be the \_\_\_CORPORATE_____President of the Corporation who is the grantor, and
Barbara russotti

personally known to me to be the \_\_\_corporate_____Secretary of said corporation, and personally known
to me to be the same persons whose names are subscribed to the foregoing instrument, appeared before me this day in person

for and in consideration of One Dollar and other good and valuable considerations, the receipt of which is hereby acknowledged, and pursuant to authority given by the Board of Directors of said corporation, CONVEYS AND WARRANTS

John Jensen and Mary Jensen
Husband and wife

whose address is

422 Manmouth Ct., Aurora, IL 60504

the following described real estate to-wit:

LOT 28, IN DEER RIDGE PARK UNIT #2, A SUBDIVISION OF PART OF THE NORTHWEST QUARTER OF SECTION 3, TOWNSHIP 32 NORTH, RANGE 9 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED JULY 1, 1994 AS DOCUMENT #R94-66126; IN WILL COUNTY, ILLINOIS.

Commonly Known as: 32917 Nikki Lane, Wilmington, IL 60481
P.I.N. #24-03-101-032

Subject to conditions, restrictions, covenents and easements of record, easements for public utilities; zoning laws and ordinances; and general real estate taxes not due and payable at time of closing. (Continue legal description on reverse side)

situated in the County of ___WILL___ in the State of ___ILLINOIS___

IN WITNESS WHEREOF, said Grantor has caused its corporate seal to be hereto affixed, and has caused its name to be signed to these presents by its ___CORPORATE___ President, and attested by its ___CORPORATE___ Secretary, this __30th__ day of ___MAY___ 1995

DEER RIDGE PARK, INC.

(Affix corporate seal here)

Attest: _____  By _____
BARBARA RUSSOTTI          Secretary.        DANIEL RUSSOTTI          President.

STATE OF ILLINOIS   }
___WILL___ COUNTY  } ss

I, the undersigned, a Notary Public, in and for said County, in the State aforesaid, DO HEREBY CERTIFY THAT___ DANIEL RUSSOTTI
personally known to me to be the ___CORPORATE___ President of the Corporation who is the grantor, and Barbara russotti
personally known to me to be the ___corporate___ Secretary of said corporation, and personally known to me to be the same persons whose names are subscribed to the foregoing instrument, appeared before me this day in person and severally acknowledged that as such ___CORPORATE___ President and ___CORPORATE___ Secretary, they signed and delivered the said instrument as ___CORPORATE___ President and ___CORPORATE___ Secretary of said corporation, and caused the corporate seal of said corporation to be affixed thereto, pursuant to authority, given by the Board of Directors of said corporation as their free and voluntary act, and as the free and voluntary act and deed of said corporation, for the uses and purposes therein set forth.

Given under my hand and Notarial Seal this __30th__ day of ___MAY___ 19_95_

```
OFFICIAL SEAL
AUDREY MILLER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 9-24-96
```
_____ Notary Public.

Future Taxes to Grantee's Address (---)      Return this document to:
OR to
   JOHN AND MARY JENSEN                          JOHN AND MARY JENSEN
   422 Manmouth Ct.                              422 Manmouth Ct.
   Aurora, IL 60504                              Aurora, IL 60504

                                                 614152
                                                 US Title

This Instrument was Prepared by: DEER RIDGE PARK, INC.

# DEER RIDGE PARK UNIT NO. 2

## (A PLANNED UNIT DEVELOPMENT)

The Northwest 1/4 of Section 3, Township 32 North, Range 9 East of the Third Principal Meridian, Will County, Illinois

COAL CITY ROAD

ILLINOIS ROUTE 129

DEER RIDGE PARK UNIT NO. 1

COMMON AREA

POND

EXHIBIT



DEER RIDGE PARK UNIT NO. 2

NIKKI LANE



# DEER RIDGE PARK UNIT NO. 1

### (A PLANNED UNIT DEVELOPMENT)

IN

The Northwest 1/4 of Section 3, Township 32 North, Range 9 East of the Third Principal Meridian, Will County, Illinois

EXHIBIT

PRELIMINARY PLAT
for
DEER RIDGE PARK UNIT NO. 1
(A PLANNED UNIT DEVELOPMENT)
in
The Northeast 1/4 of Section 3, Township 32 North, Range 9 East of the Third Principal Meridian, Will County, Illinois

EXHIBIT



City of Wilmington
1165 South Water Street
Wilmington, Illinois 60481
815-476-2175
Fax 815-476-2276



# WILMINGTON

July 1, 1997

TO:        Property Owners in Deer Ridge Park Subdivision

RE:        City of Wilmington/Deer Ridge Park Subdivision
           PIN #24-03-101-027

Dear  Daniel Russotti:

As a property owner in Deer Ridge Park Subdivision, the City of Wilmington wants to advise you of the status of street improvements within your subdivision.  Even though these streets are private, when the City of Wilmington approved this Subdivision's Development Plans, the City was assured that the streets would be constructed in conformance with the City of Wilmington standards.

The City recently inspected the streets in this development.  Even though the Final Plat for Unit 1 was recorded on May 26, 1992 and Unit 2 was recorded on July 1, 1994, the private street improvements, as yet, have not been completed, pursuant to City of Wilmington Ordinance and Regulation.

This letter is to advise you that  at the City's regular meeting, held on May 21, 1996, the City Council of the City of Wilmington passed a motion to withhold building permits in Deer Ridge Subdivision until all street improvements are fully completed, pursuant to City standards.

Since you acquired titles to the property after May 26, 1996, we are assuming you were made aware of the above action at the time of purchase.

Very truly yours,

CITY OF WILMINGTON,  an Illinois Municipal Corporation

BY: _James C. Johnston_____

EXHIBIT "C"



City of Wilmington
1165 South Water Street
Wilmington, Illinois 60481
815-476-2175
Fax 815-476-2276

November 5, 1997


Mr. Gary Frazier
105 E. 2nd Street
Coal City, IL   60416

RE:  Deer Ridge Subdivision
       PIN # #24-03-101-003-0000

Dear Mr. Frazier:

At it's regular meeting conducted on Tuesday November 4, 1997  the City Council of Wilmington took certain action involving Deer Ridge Subdivision.  The Council action included the City would not issue building or other permits for this subdivision until the developer fully completes or provides sufficient financial security acceptable to the City to fully and timely complete the subdivision improvements.  However, the City Council will consider requests for permits for Deer Ridge Unit I on a hardship basis.

Upon compliance with the City's requirements, the building permit ban for this development will be lifted.

Sincerely,

Joe Tryner, Alderman
City of Wilmington


JT/sj



EXHIBIT



City of Wilmington
1165 South Water Street
Wilmington, Illinois 60481
815-476-2175
Fax 815-476-2276

November 5, 1997

Mr. and Mrs. John Jensen
422 Manmouth Court
Aurora, IL  60504

RE:  Deer Ridge Subdivision
        PIN # #24-03-101-032-0000

Dear Mr. and Mrs. Jensen:

At it's regular meeting conducted on Tuesday November 4, 1997 the City Council of Wilmington took certain action involving Deer Ridge Subdivision.  The Council action included the City would not issue building or other permits for this subdivision until the developer fully completes or provides sufficient financial security acceptable to the City to fully and timely complete the subdivision improvements.  However, the City Council will consider requests for permits for Deer Ridge Unit I on a hardship basis.

Upon compliance with the City's requirements, the building permit ban for this development will be lifted.

Sincerely,

Joe Tryner, Alderman
City of Wilmington

JT/sj

AUG-03-00  03:39 PM   D&B DEMO                    8154580499                    P.01

LAW OFFICES

## HERSCHBACH, TRACY, JOHNSON, BERTANI & WILSON

SIXTH FLOOR, TWO RIALTO SQUARE

116 N. CHICAGO STREET

JOLIET, ILLINOIS 60432

TELEPHONE (815) 723-8500

FAX (815) 727-4848

WAYNE R. JOHNSON
THOMAS R. WILSON
RICHARD H. TEAS
GEORGE F. MAHONEY III
RAYMOND E. MEADER
A. MICHAEL WOJTAK
KENNETH A. CARLSON
DAVID J. SILVERMAN
ROGER D. RICKMON
JOHN S. GALLO
THOMAS H. CROSS III
GEORGE M. FERRETI
RICHARD E. VOGEL
KERRY A. WEBER
CHRISTINE MCABEY

KENDALL COUNTY OFFICE
10 N. MAIN STREET
OSWEGO, ILLINOIS 60543
TELEPHONE (630) 554-8500
FAX (630) 554-8975

OF COUNSEL
DONALD J. TRACY
LOUIS R. BERTANI
JOHN L. O'BRIEN

RETIRED PARTNER
WALTER O. HERSCHBACH

October 3, 1997

COPY



BRUMUND & JACOBS
RECEIVED
OCT   6 1997

Mr. Myles L. Jacobs
Brumund & Jacobs
Attorneys at Law
57 North Ottawa Street
Suite 412
Joliet, IL 60432-1370

RE:   City of Wilmington/Deer Ridge Park Subdivision

Dear Myles:

I received your October 2, 1997 faxed letter and I have forwarded a copy to Wilmington City officials.

As I related, the streets in this subdivision were private without any intention by the developer to dedicate them to the City of Wilmington. As you may recall, the City, in deference to its residents in Deer Ridge Park, had several meetings with Daniel Russotti, his attorney and his engineer in an effort to have the developer finish the improvements to the private streets in this development.

Wilmington made a very determined effort to have this resolved in a fashion that would be acceptable to the residents as well as palatable to the developer. However, the street work was not completed. Consequently, the corporate authorities of Wilmington moved to preclude the issuance of any building permits for undeveloped lots in this subdivision until the street work was completed. Wilmington has taken the additional step of notifying the owners of record on the ban of issuing building permits until the requisite street work is completed. Since the streets themselves were not part of the public dedication, it is my position that they were not subject to the usual bond or letter of credit which would otherwise be a condition to improvements to be dedicated and accepted by a municipality.

Mr. John C. Jensen
524 Strong Avenue
Joliet, IL 60433

June 25, 2000

Dear Mayor Weidling,:

This letter is to serve as a request for a building permit for property that I own within the city limits of Wilmington.  I would like to  have a building permit attached to lot # 28 on Nikki Lane in the subdivision known as Deer Ridge Park.  The reasons I need this to be done are as follows:

- I cannot build a home

- I cannot sell the property without disclosing that there are no building permits being issued for this property.  In the last year, we have had a few prospective, serious buyers; who when they found out there were no building permits being issued; would not consider purchasing it.

I have owned this property since the Spring of 1995.  Our intention was to build a home a few years down the road.  Since February of 1999, neither myself or my wife have been gainfully employed; therefore, we not only are having difficulty making the monthly mortgage payment and pay the yearly taxes; but have had to move in with our parents in order to try to pay our bills.  Had we been able to sell the property last year, we would not be on the verge of bankruptcy.

Therefore, I hope you will consider our dire need to sell this property and attach a permit to lot # 28 of Deer Ridge Park.

Sincerely,

John C. Jensen

cc:  C. Chew, R.Strong, J.Plese, M.Cox, W. Davy, R, Kernc, J. Martyorr, L. Kaischuck.

⑦

## City Of Wilmington
1165 S. Water Street
Wilmington, Illinois 60481

815-476-2175
815-476-2176
815-476-2798
FAX 815-476-2276

*WILMINGTON*

June 17, 1994

To Mayor & City Council
City of Wilmington

   Your Planning Commission reports that it held a duly and
properly advertised Special meeting on June 16, 1994 at
7:00 p.m.

   The Planning Commission recommends to the City Council
the approval of final plat for Deer Ridge Park Unit II.   *OK*

   The Board also recommends to the City Council approval
of preliminary plat for Riverwood Estates Phase 4 as shown
on the drawings.   *OK*

   Also, the Board made a motion to allow Joe Palermo to take
the Procedural Checklist and Proposed Land Subdivision Ordinance
to the City Attorney to put them in a finalized form for the
Planning Commission approval.   *OK*

   The next regular meeting of the Board will be held on
July 7, 1994 at 7:00 p.m.

Sincerely,


Joe Palermo
Chairman
PLANNING COMMISSION

*Joe Palermo*

JP:mam

*Incorporated 1865*

EXHIBIT



PRELIMINARY PLAT
*for*
DEER RIDGE PARK UNIT NO. 2

(A PLANNED UNIT DEVELOPMENT)

IN

The Northwest 1/4 of Section 3, Township 32 North, Range 8 East of the Third Principal Meridian, Will County, Illinois.

EXHIBIT

The Law Firm of
# MAHONEY, SILVERMAN & CROSS, LTD.
2701 BLACK ROAD
SUITE 200
JOLIET, IL 60435
815/730-9500
fax 815/730-9598
e-mail mscltdlaw@aol.com

GEORGE F. MAHONEY III
DAVID J. SILVERMAN
THOMAS H. CROSS III
ERIC P. HANSON
DANIEL F. D'ATTOMO

OSWEGO, ILLINOIS
630/554-7800

March 1, 2000

John C. Jensen
524 Strong Ave
Joliet, Illinois 60433

Re:    Deer Ridge

Dear Mr. Jensen:

As you are aware, our firm represents the City of Wilmington. I am in receipt of a copy of your February 19, 2000 letter. I think it would be helpful in the Councils review of your request for a hardship that you supply it with whatever documents and written information you might have to substantiate the basis for your claim, including but obviously not restricted to information when you acquired the property and the hardship you allege. Certainly what information, if any, you choose to give the Council is left exclusively within your discretion.

Once I have received your response with any information you might want to share, I will get that to the City so that a Committee and ultimately a full Council can consider your request as it relates to the Council's prior motion.

Very truly yours,

MAHONEY, SILVERMAN & CROSS, LTD.

By: _____
        George F. Mahoney III

GFM/mr

EXHIBIT "F"

44
ev. 12/96)

# CIVIL COVER SHEET

e JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**a) PLAINTIFFS**

JOHN JENSEN
MARY JENSEN

DOCKETED

AUG 1 5 2000

JUDGE PALLMEYER

**DEFENDANTS** CITY OF WILMINGTON, ILL; WILLIAM
WIELDING; JAY BLESE; MARK COX; WILLIA
DAIVY; ROBERT KRANC; S. MARTY ORR;
LARRY KAITSCHUCK; ROY STRONG; DONNA
JUSSELL    WILL

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    WILL
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    WILL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

MAGISTRATE JUDGE ASHM

00C 4960

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
JOSEPH M. WILLIAMS    630-462-
209 N. HALE    7979
WHEATON, IL. 60187

ATTORNEYS (IF KNOWN)

## BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

1 ☐ U.S. Government
Plaintiff

☑ 3 Federal Question
(U.S. Government Not a Party)

2 ☐ U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                                    AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## /. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## . NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| : 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | ☑ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 USC, § 1983, 1988

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ EXCESS
OF $50,000.00

CHECK YES only if demanded in complaint
JURY DEMAND: ☑ YES    ☐ NO

**VIII.** This case    ☑ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE

SIGNATURE OF ATTORNEY OF RECORD
Joseph M. William

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of JOHN JENSEN, ET AL.
V. CITY OF WILMINGTON,
ILL., ET AL.

FILED-EO4

00 14 PM 2: 15

CLERK
U.S. DISTRICT COURT

00C 4960 Case Number

## APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

JOHN JENSEN, MARY JENSEN

DOCKETED

AUG 1 5 2000

JUDGE PALLMEYER

MAGISTRATE JUDGE ASHMAN

| (A) | | | | (B) | | | |
|---|---|---|---|---|---|---|---|
| SIGNATURE Joseph M. Williams | | | | SIGNATURE | | | |
| NAME JOSEPH M. WILLIAMS | | | | NAME | | | |
| FIRM SOLO | | | | FIRM | | | |
| STREET ADDRESS 209 N. HALE ST. | | | | STREET ADDRESS | | | |
| CITY/STATE/ZIP WHEATON, ILL. 60187 | | | | CITY/STATE/ZIP | | | |
| TELEPHONE NUMBER 630-462-7979 | FAX NUMBER 630 462-8067 | | | TELEPHONE NUMBER | | FAX NUMBER | |
| E-MAIL ADDRESS N.A. | | | | E-MAIL ADDRESS | | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 3128789 | | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | |
| MEMBER OF TRIAL BAR? | YES ☒ | NO ☐ | | MEMBER OF TRIAL BAR? | | YES ☐ | NO ☐ |
| TRIAL ATTORNEY? | YES ☒ | NO ☐ | | TRIAL ATTORNEY? | | YES ☐ | NO ☐ |
| | | | | DESIGNATED AS LOCAL COUNSEL? | | YES ☐ | NO ☐ |
| (C) | | | | (D) | | | |
| SIGNATURE | | | | SIGNATURE | | | |
| NAME | | | | NAME | | | |
| FIRM | | | | FIRM | | | |
| STREET ADDRESS | | | | STREET ADDRESS | | | |
| CITY/STATE/ZIP | | | | CITY/STATE/ZIP | | | |
| PHONE NUMBER | FAX NUMBER | | | TELEPHONE NUMBER | | FAX NUMBER | |
| L ADDRESS | | | | E-MAIL ADDRESS | | | |
| IFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | |
| R OF TRIAL BAR? | YES ☐ | NO ☐ | | MEMBER OF TRIAL BAR? | | YES ☐ | NO ☐ |
| TTORNEY? | YES ☐ | NO ☐ | | TRIAL ATTORNEY? | | YES ☐ | NO ☐ |
| ED AS LOCAL COUNSEL? | YES ☐ | NO ☐ | | DESIGNATED AS LOCAL COUNSEL? | | YES ☐ | NO ☐ |