Case 1:00-cv-04960   Document 36   Filed 08/07/03   Page 1 of 4

> **UNPUBLISHED ORDER**
> Not to be cited per Circuit Rule 53

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604
### (ARGUED MARCH 5, 2003)

DECIDED JULY 16, 2003

BEFORE

HON. DANIEL A. MANION, *CIRCUIT JUDGE*

HON. DIANE P. WOOD, *CIRCUIT JUDGE*

HON. TERENCE T. EVANS, *CIRCUIT JUDGE*

---

No. 02-1154

| | |
|---|---|
| JOHN JENSEN AND MARY JENSEN,<br>*PLAINTIFFS-APPELLANTS*,<br><br>v.<br><br>CITY OF WILMINGTON, ILLINOIS, *ET AL.*,<br>*DEFENDANTS-APPELLEES*. | APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION.<br><br>NO. 00 C 4960<br><br>REBECCA R. PALLMEYER, *JUDGE*. |

### ORDER

John and Mary Jensen believe that their federal constitutional rights have been violated by the City of Wilmington, Illinois, which apparently has refused to grant them a building permit. They filed this suit against the City and various local officials in August 2000, under 42 U.S.C. § 1983. After they (or their lawyer) repeatedly failed to comply with the discovery schedule that the district court had established, the court dismissed the case on November 13, 2001, as a discovery sanction. See Fed. R. Civ. P. 37(b)(2)(C). Within ten days of the dismissal, the Jensens filed a "motion to vacate," which the court denied in an order docketed on December 19, 2001. The Jensens have urged this court to find that the district court abused its discretion in entering judgment against them, but we conclude that the court was well within bounds when it did so, and we therefore affirm.

The Jensens' case generated a lengthy record of discovery motions, orders, and excuses for failures to comply. Some time after the August 2000 filing of the complaint (no later than November 2000, it seems), the defendants served interrogatories on the Jensens. Also in November 2000, the court established a schedule for discovery that provided that discovery would close by April 30, 2001. When April 2001 came around, the Jensens filed a request for an extension of time to respond; the court gave them until June 29. By the day before the new deadline, the Jensens' attorney, Mr. Joseph Williams, had not yet answered the long-pending interrogatories, and he had just started taking depositions. The court again extended the deadline, this time generally until September 14, and until July 12 for the interrogatories. The July 12 date came and went with no answer to the interrogatories, and so on August 7 the defendants filed a motion to compel a response.

The court agreed that it was high time for compliance, and issued an order on August 28 telling the Jensens that the case would be dismissed for failure to prosecute if there was no response within seven days of that order. Again, nothing happened. As of September 13, the defendants' interrogatories were still unanswered, and Williams failed to appear at a status hearing being held by the court. He called the court to request another continuance. The judge stated that the defendants were entitled to a dismissal, but she nevertheless continued the hearing until September 21. On that date, Williams again failed to show up, but this time he sent a lawyer with whom he shared an office in his stead. That lawyer informed the court that Williams' delays had been because of serious health problems, and that the interrogatories were "almost" complete. Still patient, the court granted another extension until October 11 for the responses.

In what was becoming an all-too-familiar pattern, on October 13 the defendants reported that they had not received the promised answers. Williams claimed that the documents were ready, and he represented that "they will be going out either today or tomorrow." The judge set a new discovery deadline of December 14. On October 17, however, tired of waiting, the defendants moved under Fed. R. Civ. P. 37(b)(2)(C) for dismissal of the case as a sanction for the plaintiffs' continued failure to comply with the court's orders. The court waited until November 8 to act, but when that date came and Williams *still* had not filed the promised answers to the interrogatories, it granted the motion to dismiss, notwithstanding the fact that the new "final" discovery deadline of December 14 had not yet passed. The order of dismissal was docketed on November 13, 2001, as noted above; the motion to vacate was filed on November 26, which fell within the 10-day period allowed for motions under Fed.R.Civ.P. 59. The court denied that motion as well, and this appeal followed.

The Jensens have offered a number of arguments to support their claim that the district court's November 13 judgment dismissing the case represented an abuse of discretion. They claim, for example, that there was no evidence here of willfulness, bad faith, or fault; that dismissal was a disproportionate sanction for their repeated failures to follow the court's scheduling orders; that they were misled into thinking that they had until December 14 to respond to the interrogatories; that they were not properly served with the defendants' October 31 motion to dismiss based on Rule 37; and consequently that the dismissal stemmed from an improper "*ex parte*" proceeding on November 8. Furthermore, they go on, their lawyer was experiencing a number of personal difficulties, including

a contentious divorce and health problems. In response, the defendants argue that we have no jurisdiction to review the initial order of dismissal, because the "motion to vacate" came too late, that considered as a Rule 60 motion, the court's order denying the motion to vacate was not an abuse of discretion, and in any event that the court did not abuse its discretion to impose the ultimate sanction under Rule 37.

Because it goes to our jurisdiction, we consider first the defendants' argument about the timeliness of the Jensens' motion to vacate. The confusion here arose because the date on which the court announced its decision was November 8, 2001, but the date the actual judgment of dismissal was docketed was November 13, 2001. If November 8 were the correct reference point, then defendants would be correct, because November 26 falls beyond the ten-day window even after using the rules for counting time provided in Fed. R. Civ. P. 6. (The motion would have been due no later than November 23, which is ten days excluding weekends and legal holidays.) But November 8 is not the correct reference point. When there is a conflict between the date on which a court issues an order and the date when that order is docketed, the latter date controls. Fed. R. Civ. P. 58(b)(2); *Laborers' Pension Fund v. A & C Envtl., Inc.*, 301 F.3d 768, 775 n.5 (7th Cir. 2002). Thus, the ten-day period for filing a motion under Rule 59 began the day after November 13, the Jensens had until November 27 to file, and the November 26 motion was thus timely. We add that the label the Jensens put on their post-trial motion does not matter; we look only to the time within which the motion was filed, and characterize it accordingly. *Curry v. United States*, 307 F.3d 664, 666 (7th Cir. 2002); *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1986). We therefore have appellate jurisdiction to review both the underlying order of dismissal, and the order denying the motion to vacate.

This procedural victory avails the Jensens little, however, because we review dismissals under Rule 37(b) for abuse of discretion. The Jensens take solace in the fact that Rule 37 sanctions, including the ultimate sanction of dismissal, should be imposed only if the party displays "willfulness, bad faith, or fault," see *Langley v. Union Electric Co.*, 107 F.3d 510, 514 (7th Cir. 1997), but they erroneously assume that the term "bad faith" operates as a gloss on the other two criteria mentioned in *Langley*. It does not; these criteria are stated in the disjunctive. Willfulness refers to the party's objective intention to do, or not to do, the act in question; it does not require either angelic or nefarious purpose. Fault similarly refers only to the allocation of responsibility. Here, we realize that the Jensens' lawyer was going through a difficult period, but that does not mean that he was not responsible for his case, nor that the Jensens should not be held accountable for the actions of their lawyer. *See Ball v. City of Chicago*, 2 F.3d 752, 756 (7th Cir. 1993). At a minimum, he should have explained his problems to the district court far earlier; more generally, a lawyer cannot solve personal problems by utterly failing to cooperate with a court's scheduling orders and expect that all will be forgiven. If other matters make it impossible for him to continue handling a case, it is his responsibility so to inform his client and to allow the client to make other arrangements for representation.

As for the Jensens' other arguments, we need not tarry long. As early as the order extending the general discovery deadline to September 14, the district court had set an earlier deadline for the long-overdue responses to the interrogatories (July 12, at that point). The court warned the Jensens

on August 28 that they had to respond to the interrogatories within seven days or face a dismissal for failure to prosecute. At the hearing of September 21, which Williams' colleague attended for him, the court set October 11 as the new deadline for the interrogatory responses. On October 13, Williams represented to the court that the interrogatory answers were going out "either *today* or *tomorrow*," (emphasis added). With that in mind, the court fixed the new final deadline for December 14. More than two weeks after Williams failed to live up to his latest promise for responding, defendants filed their motion to dismiss on October 31, with a scheduled date for presentment of November 8. The defendants mailed Williams their motion, along with notice of the November 8 presentment date. Inexplicably, Williams failed to show up for the November 8 hearing, but as the court later stated in connection with its ruling on the motion to vacate, "[t]here was nothing that the Court did in this case that could fairly be characterized as an ex parte anything."

We have emphasized in the past that district courts have the power to control their dockets, and that there comes a point when disregard of scheduling orders becomes so serious that sanctions, including dismissals, are in order. *Aura Lamp & Lighting, Inc. v. International Trading Corp.*, 325 F.3d 903, 909-10 (7th Cir. 2003); *Johnson v. J.B. Hunt Transp., Inc.*, 280 F.3d 1125, 1132 (7th Cir. 2002); *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001). Here, the Jensens failed to file their responses to the defendants' interrogatories for almost six months, through extension of time after extension of time, through promise after promise. This is an indisputable violation of their obligation under the discovery rules, Fed. R. Civ. P. 33; *Aura Lamp & Lighting, Inc.*, 325 F.3d at 905, and thus the court was entitled to turn to Rule 37 for the list of authorized sanctions. The fact that more time remained to complete other discovery does not mitigate the fact that the defendants had been deprived for so long of what should have been a standard part of the early discovery process.

Finding no abuse of discretion, we therefore AFFIRM the district court's judgment dismissing this case.